

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ollie Collins,

            Plaintiff,

    –v–

Andrew M. Saul, Commissioner of Social Security,

           Defendant.

15-cv-6660 (AJN)

MEMORANDUM & ORDER

ALISON J. NATHAN, District Judge:

    Lewis B. Insler represented the Plaintiff in this social security appeal. Following a stipulated remand, the Social Security Administration awarded the Plaintiff past-due benefits. Insler now moves for attorney's fees under 42 U.S.C. § 406(b). For the reasons that follow, the Court GRANTS Insler's motion for fees in the amount of $11,723.25.

**I.    Legal Standard**

    The Social Security Act allows fee awards for representation before a court of up to 25% of a claimant's recovered past-due benefits. 42 U.S.C. § 406(b). This 25% limit applies even if an attorney also receives fees under § 406(a) for representing the claimant in administrative proceedings in the same case. *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019). Courts in this Circuit have generally held that fees are available under § 406(b) following remand that eventually terminates in the payment of past-due benefits. *See, e.g.*, *Cardenas v. Astrue*, No. 12-cv-6760 (AJN), 2016 WL 1305988, at *1 (S.D.N.Y. Mar. 31, 2016); *see also Sinkler v. Berryhill*, 932 F.3d 83, 86 (2d Cir. 2019) (discussing standard for timeliness of an application under § 406(b) following remand). Courts must review fees requested under § 406(b) for

reasonableness even if they do not exceed the 25% cap. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).

## II.   Discussion

Insler requests a fee award in the amount of 25% of the past-due benefits recovered on remand in accordance with his contingency fee agreement with the Plaintiff. *See* Dkt. No. 22-5. Based on his communications with the Administration before he filed his motion, Insler requested a total fee award of $12,000. However, a letter sent from the Administration to the Plaintiff about one week after Insler filed his motion reflects that the Administration calculated 25% of the past-due benefits as $11,723.25 and withheld that amount from its payment to the Plaintiff. *See* Dkt. No. 23-1. Insler does not dispute this calculation, and so the Court finds that $11,723.25 is the maximum fee he may receive under the both the statute and his agreement with the Plaintiff.

The Court further finds that an award in this amount is reasonable. Insler represents that he worked 30.58 hours on this case. Although the parties stipulated to remand prior to the filing of any dispositive motion, the time sheets reflect that Insler spent a reasonable amount of time researching and preparing a memorandum of law. Based on the number of hours worked, fees in the amount of 25% of past due benefits equates to an effective hourly rate of $383.36. Courts in this Circuit often approve comparable or higher hourly rates and will generally respect contingency fee arrangements permissible under the statute even if they result in effective hourly rates that would be unreasonable under a loadstar analysis. *See Morales v. Saul*, No. 16-cv-0031 (AJN) (BCM), 2019 WL 9829360, at *2 (S.D.N.Y. Dec. 16, 2019) (collecting cases), *report and recommendation adopted*, 2020 WL 4735171 (S.D.N.Y. Aug. 14, 2020). The Court thus concludes that a fee award of $11,723.25 is reasonable.

Insler also represents that he has already received attorney's fees under the Equal Access to Justice Act in the amount of $5,700. Dkt. No. 22 ¶ 5. He agrees that he must refund those fees to the Plaintiff in the event that he receives a larger fee award under § 406(b). *Id.* ¶ 6; *see Gisbrecht*, 535 U.S. at 796.

## III.     Conclusion

For the foregoing reasons, the Court GRANTS Insler's motion for attorney's fees in the amount of $11,723.25. The Social Security Administration is directed to approve a payment in that amount to Insler. Upon receipt of payment, Insler shall promptly refund the $5,700 in EAJA fees that he has received to the Plaintiff.

SO ORDERED.

Dated: August 9, 2021
       New York, New York

_____
ALISON J. NATHAN
United States District Judge